UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDICE DAVIS,

     Plaintiff,

v.                                                    Case No. 06-10513
                                                      Hon. Sean F. Cox

MICHIGAN BELL TELEPHONE
COMPANY, et al.

     Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on Cross Motions for Summary Judgment. Both parties

fully briefed the issues and a hearing was held February 16, 2007. For the following reasons, the

Court **DENIES** Plaintiff's Motion for summary judgment; and **GRANTS** Defendant's Motion

for Summary Judgment.

### I.    BACKGROUND

This action arises out of an alleged violation of the Family and Medical Leave Act

("FMLA") 29 USC §2601 *et seq*.

Plaintiff, Candice Davis, was employed by Defendant as a full-time customer service

representative beginning in November 1997. In 1999, Plaintiff claims she began suffering

episodes of depression. She was denied FMLA leave on several occasions because she had not

worked enough hours for eligibility. Plaintiff became eligible for FMLA leave in September

2004.

1

Plaintiff requested FMLA leave on September 24, 2004. Plaintiff's leave was approved. She subsequently used FMLA leave time in October and November. Defendant received FMLA medical certifications for Plaintiff's absences. The medical certifications indicated Plaintiff had Major Depressive Disorder that required intermittent absences.

Defendant has comprehensive procedures for implementing the provisions of the FMLA. Eligibility forms are completed by an attendance manager. The attendance manager completes an eligibility form for every potentially qualifying period of absence. The attendance manager forwards eligibility forms to Defendant's FMLA Processing Unit in Texas. Additionally, it is the Defendant's practice that after seven days an absence is automatically submitted for short-term disability. Applications for short term disability are handled by Defendant's disability plan administrator, SMAART.

Plaintiff took FMLA leave from approximately December 2, 2004 to December 9, 2004. On December 11, 2004, Defendant generated a notice to Plaintiff that stated she had not worked enough hours to be eligible for FMLA benefits. The notice was purportedly put in Plaintiff's mail bin at work. Plaintiff denies receiving the notice prior to her termination. Nonetheless, Defendant excused the absences under the FMLA.

Plaintiff commenced another leave on December 13, 2004. In accordance with Defendant's policy, Plaintiff's absence was automatically submitted for short-term disability after seven days. On January 7, 2005, SMAART alleges it was notified by Plaintiff's health care provider, Claudenia Buford, that Plaintiff could have returned to work on January 3, 2005. Defendant's evidence to support this allegation is a letter from Liana Dragu of SMAART dated January 19, 2005, informing Plaintiff of Buford's alleged statements. Consequently, Plaintiff's

2

absence was approved as a short-term disability from December 13, 2004 through January 2, 2005.  Plaintiff was notified of the termination of her short term disability benefits on January 12, 2005.  Plaintiff did not return to work until January 15, 2005.  Defendant determined Plaintiff was not eligible for FMLA coverage for her absences after January 2, 2005 when her short term disability benefits ended.  Defendant terminated Plaintiff's employment based on her absences from January 3, 2005 through January 14, 2005.

Plaintiff, who is a union employee, filed a grievance in February 2005.  She contends it was not until her grievance proceeding that Defendant actually notified her that she was ineligible for FMLA leave.  Plaintiff's grievance was denied and her discharge was upheld.

On February 7, 2006, Plaintiff filed a Complaint alleging violation of the FMLA for: (1) discharging Plaintiff for taking FMLA leave pursuant to 29 USC §2615(a)(2); and (2) interfering with Plaintiff's FMLA rights pursuant to 29 USC §2615(a).  Both parties filed Motions for Summary Judgment on November 20, 2006.

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).  A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d

3

171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the

nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor.

*Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III.   ANALYSIS

Plaintiff alleges Defendant violated the FMLA when it terminated her on January 15,

2005, based on unexcused absences.

The FMLA provides for unpaid leave for 12 weeks in a 12 month period for employees

with a serious medical condition. 29 USC §2612(a)(1). The 12 weeks of leave may be taken

continuously in one block of time, or intermittently where medically necessary. 29 USC

§2612(b)(1). To be "eligible" for FMLA leave, the employee must be employed:

> (1) for at least 12 months by the employer with respect to whom leave is requested
> under section 2612 of this title; and
>
> (2) for at least 1,250 hours of service with such employer during the previous 12-
> month period.

29 USC §2611(2)(A).

The "12-month period" for determining eligibility is chosen by the employer among: (1)

the calendar year; (2) any fixed 12-month "leave year;" (3) the 12-month period measured

forward from the date any employee's first FMLA leave begins; or (4) a "rolling" 12-month

period measured backward from the date an employee uses any FMLA leave. 29 CFR

§825.200(b). Defendant designates the calendar year as its "12-month period" for purposes of

FMLA eligibility. [Defendant's Motion, Exhibit 4, p.2]. Although Plaintiff attempts to dispute

this, it is clear that Defendant's 12-month period is the calendar year for purposes of FMLA

eligibility. [Response, pp.4-6]. Plaintiff selectively quotes from the deposition testimony of

4

Charlotte Loper, a team leader in Defendant's FMLA Department to support her position. *Id*.

Contrary to Plaintiff's characterization of Loper's testimony, she testified that a new calendar

year starts over the calculation of 1250 hours. [Plaintiff's Motion, Exhibit 12, pp.56-57].

Further, Plaintiff concedes that Valencia Taylor, Plaintiff's supervisor, testified that an employee

must requalify at the start of a new calendar year. [Plaintiff's Response, p.5].

Plaintiff alleges Defendant violated 29 USC §2615(a):

(a) Interference with rights

(1) Exercise of rights
It shall be unlawful for any employer to interfere with, restrain, or deny the
exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination
It shall be unlawful for any employer to discharge or in any other manner
discriminate against any individual for opposing any practice made unlawful by
this subchapter.

## A.       29 USC §2615(a)(1) - Interference

To establish a violation of §2615(a)(1), Plaintiff must establish: (1) she was an eligible

employee; (2) Defendant was an employer as defined under the FMLA; (3) she was entitled to

leave under the FMLA; (4) she gave Defendant notice of her intention to take leave; and (5)

Defendant denied her FMLA benefits to which she was entitled. *Killian v. Yorozu Automotive*

*Tennessee, Inc.*, 454 F.3d 549, 556 (6th Cir. 2006).  The parties dispute whether Plaintiff was

eligible for FMLA leave beyond January 2, 2005.

It is undisputed by the parties that Plaintiff required intermittent leave.  Further, it is clear

that an employee only needs to establish her eligibility once for intermittent leave for the same

condition.  "[A] series of absences, separated by days during which the employee is at work [*i.e.*,

5

intermittent], but all of which are taken for the same medical reason, subject to the same notice, and taken during the same twelve-month period, comprises one period of intermittent leave." *Barron v. Runyon*, 11 F.Supp.2d 676, 681 (E.D. Va. 1998).  This is consistent with Department of Labor Opinion Letter FMLA-112, 2000 WL 33157366 (September 11, 2000):

> [I]t is our position that the 1,250-hour eligibility test is applied only once, on the commencement of a series of intermittent absences, if all involve the same FMLA-qualifying serious health condition during the same 12-month FMLA leave year.  The employee in such a case remains entitled to FMLA leave for that FMLA reason throughout that 12-month period, even if the 1,250-hour calculation is not met at some later point in the 12-month period during the series of related intermittent absences.

Plaintiff contends that her eligibility, specifically the calculation of whether she worked 1,250 hours, should be determined from September 24, 2004, which is the date Plaintiff's first absence for her depression commenced.  The parties agree that the subsequent periods of absence during the months of October, November, and December 2004, were covered under FMLA based on Plaintiff's original eligibility because they were intermittent absences all stemming from her depression.  Although Defendant issued a notice on December 11, 2004, stating that Plaintiff did not work 1,250 hours in the preceding 12-month period, Defendant claims it nonetheless excused Plaintiff's subsequent absences under the FMLA.

Plaintiff argues that in addition to the absences in 2004, Plaintiff's January 2005 absences stemming from her depression should also have been covered under the FMLA.  Plaintiff asserts that Defendant violated the FMLA when it recalculated Plaintiff's eligibility in January 2005.  According to Plaintiff, once the Plaintiff is eligible for a serious medical condition that requires intermittent leave, her eligibility cannot be redetermined with respect to that condition.

Plaintiff's argument is without merit.  It is true that generally, intermittent absences

stemming from the same serious medical condition all relate back to the original eligibility and an employer is precluded from recalculating eligibility with each new period of absence. However, there is a limitation. An employer may recalculate an employee's FMLA eligibility at the commencement of the first absence in a new 12-month period as designated by the employer. As pointed out in Department of Labor Opinion Letter FMLA-112, 2000 WL 33157366, when an employer uses the calendar year as the 12-month period for purposes of eligibility "an employee's eligibility, once satisfied, for intermittent FMLA leave for a particular condition would last ***through the entire current 12-month period***..." (emphasis added). However, "***eligibility could be re-calculated at the time of the first absence for the condition after the conclusion of the 12-month period***." *Id.* (emphasis added). In *Barron*, the court specifically addressed whether an employee eligible for intermittent leave was eligible indefinitely. *Barron*, 11 F.Supp.2d at 682-683. The court held that leave cannot be taken "forever" on the basis of one leave request. Rather, the request grants an employee "twelve weeks of leave per twelve-month period, not indefinitely." *Id.* "Any eligibility determination made on the date leave commences, then, ***can apply only to the twelve weeks the employee plans to take within the current twelve-month period***..." *Id.* at 683 (emphasis added). Defendant is entitled to recalculate eligibility when the first absence commences in the new calendar year.

The issue in this case becomes whether Plaintiff's FMLA leave commencing December 13, 2004, ran concurrently with her short term disability leave. Plaintiff's short term disability benefits were approved from December 13, 2004 through January 2, 2005. Defendant asserts that Plaintiff's sole reason for the leave was her short term disability, and Plaintiff's FMLA leave ran concurrently with the short term disability leave. When her short term disability benefits

7

terminated on January 2, 2005, the concurrent FMLA leave also terminated. According to Defendant, a new FMLA leave period commenced on January 3, 2005. Because the new leave commenced in a new 12-moth period for FMLA purposes, Defendant recalculated Plaintiff's eligibility. Under Defendant's new calculation, Plaintiff was ineligible for FMLA benefits and her absences were unexcused. The unexcused absences were the basis for Plaintiff's termination.

Plaintiff alleges that FMLA leave did not run concurrently with her short term disability leave that commenced on December 13, 2006. [Supp. Brief, p.2]. Plaintiff relies on the December 11, 2004 eligibility form stating that Plaintiff did not meet the 1250 hour requirement. [Plaintiff's Exhibit 3]. However, Defendant points out that while the form correctly stated that Plaintiff did not meet the 1250 hour requirement at that time, Defendant nonetheless considered her eligible for FMLA benefits as demonstrated by the coverage of her December 7, 2004 and December 9, 2004 absences. The short term disability benefits letter also explicitly states that "FMLA runs concurrently with approved short-term disabilities and/or leaves of absence for reasons that may also qualify under FMLA." [Defendant's Exhibit 10]. Defendant also notes that the letter stated "[i]f your disability claim is denied, you have the right to request FMLA consideration," which it claims served to inform Plaintiff that denial of short term benefits would terminate her FMLA leave.

Plaintiff fails to introduce any evidence or authority to support her contention that her FMLA leave continued after termination of her short term disability benefits. Accordingly, Plaintiff's continued absence on January 3, 2005 constituted a new absence period and Defendant was entitled to recalculate her eligibility.

**B.     29 USC §2615(a)(2) - Discrimination/Retaliation**

8

Plaintiff's Complaint alleges violation of §2615(a)(1) and (2).  In order to establish a prima facie case of discrimination or retaliation under §2615(a)(2), Plaintiff must establish: (1) she was engaged in an activity protected by the FMLA; (2) Defendant knew she was exercising her rights under the FMLA; (3) after learning of the exercise of her FMLA rights, Defendant took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action.  *Killian*, 454 F.3d at 556; and *Skrjanc v. Great Lakes Power Service Company*, 272 F.2d 309, 314 (6th Cir. 2001)(citing *Canitia v. Yellow Freight Systems, Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990)).

Plaintiff cannot establish a claim for retaliation, because she was ineligible for FMLA benefits at the time of her termination.  Because Plaintiff was ineligible for FMLA benefits, she cannot establish that she was engaged in a "protected activity" or "exercising her rights" under the FMLA.  See *Mumenny v. Genex Corporation*, 390 F.3d 901, 904-905 (6th Cir. 2005) and *Walker v. Elmore County Board of Education*, 379 F.2d 1249, 1253 (11th Cir. 2004).  Moreover, Plaintiff conceded at the hearing that her retaliation claim does not materially differ from her interference claim under §2615(a)(1).

## C.    Failure to Give Notice of Ineligibility

Plaintiff also alleges a violation of the FMLA for Defendant's failure to notify Plaintiff that she was not eligible for FMLA leave because she did not work 1,250 hours until after Plaintiff was terminated.  Plaintiff directs the Court to 29 CFR §825.208(a), which states that "it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section."  Plaintiff contends that under 29 CFR §825.110(d), once Defendant confirmed eligibility, it was estopped from

9

subsequently challenging Plaintiff's eligibility. [Supp. Brief, p.2]. However, Defendant did not confirm eligibility for the absence period that began January 3, 2005. Additionally, Plaintiff did not provide notice of her need for leave that commenced on January 3, 2005.

Moreover, Plaintiff cannot maintain a cause of action based on §825.110(d) for Defendant's alleged failure to provide timely notice of her ineligibility. As discussed above, Plaintiff was ineligible for benefits at the time of her termination. The FMLA provides that only an employer who has violated the rights of an "eligible employee" may be liable in a civil action under the enforcement statute. 29 USC §2617(a)(1). Defendant's alleged failure to provide notice of Plaintiff's ineligibility for the absence period commencing January 3, 2005 is not actionable because Plaintiff was ineligible and Defendant is not estopped from asserting her ineligibility. Several cases have invalidated 29 CFR §825.110(d) where its application would allow an ineligible employee to assert eligibility for purposes of bringing a claim under the FMLA. See *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000); *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706, 723 (2nd Cir. 2001); and *McQuain v. Ebner Furnaces, Inc*., 55 F.Supp.2d 763, 775-776 (N.D.Ohio 1999)(citing cases).

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment; and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

s/Sean F. Cox
**Sean F. Cox**
**United States District Judge**

Dated:  March 19, 2007

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CANDICE DAVIS,

      Plaintiff,

v.                                                                     Case No. 06-10513
                                                                       Hon. Sean F. Cox


MICHIGAN BELL TELEPHONE
COMPANY, et al.

      Defendants.

_____


**<u>PROOF OF SERVICE</u>**


**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2007, by electronic and/or ordinary mail.**

        **<u>s/Jennifer Hernandez</u>**
        **Case Manager**